UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                            Case No. 09-13388

LEO H. BIBIN, Jr., CHRISTOPHER J. THIEL,
JOAN A. BIBIN, BANK OF AMERICA, N.A.,
FREDRICK L. RHEEDER, LU ANN
RHEEDER, and MORTGAGE 1
INCORPORATED,

      Defendants.

_____/

### ORDER GRANTING THE GOVERNMENT'S MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) AGAINST LEO H. BIBIN, Jr. (Doc. 49)[1]

I.

      This is an action by the United States of America (the government) to reduce to judgment unpaid federal tax liabilities and to enforce tax liens against real property located at 39723 Duluth Street, Harrison Township, Michigan (the Duluth property). As will be explained, the Court has already determined that Leo H. Bibin, Jr. (Bibin)[2] owes the government for failing to collect and pay over FICA taxes from the wages of employees of The New Tannery, Inc. (Tannery), a company owned by Bibin, in the amount of $80,232.12 plus interest after June 1 2010.

      Before the Court is the government's motion for entry of final judgment against

_____

[1]The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Bibin is proceeding pro se.

Bibin under Rule 54(b).  For the reasons that follow, the motion will be granted.

II.

The background of this case is set forth in the Court's November 11, 2010 Memorandum and Order.  Doc. 34.  Briefly, on June 22, 2010, the government filed a motion for partial summary judgment on the grounds that there was no genuine dispute of material fact, and Bibin, was liable for the trust fund taxes in the amount of $80,232.15, plus interest from and after June 1, 2010.  On June 23, 2010, the government filed a motion to supplement complaint on the grounds that it agreed that Bank of America, N.A., had sold the Duluth Property during the pendency of the litigation.  On November 17, 2010, the Court granted both the United States' motion for partial summary judgment, and its motion to supplement complaint.  Doc. 34. Accordingly, the Court found the government was entitled to a judgment against Bibin, Jr. on its claims for unpaid trust fund penalty assessments, in the amount of $80,232.12, plus interest after June 1, 2010.

On November 17, 2010, the government filed a supplemented complaint, which merely added three additional defendants, Fredrick L. Rheeder, Lu Ann Rheeder, and Mortgage Incorporated, the current record title holders and record mortgage holder of the Duluth Property.

At some point thereafter, the government became aware that Bibin owns at least three additional properties in the State of Michigan.  The government says that "[i]t appears that enforcement of the tax liens against these properties may fully satisfy the tax debts at issue and make it unnecessary for the United States to enforce its liens against property held in the name of Frederick L. Rheeder and Lu Ann Rheeder."  As

2

such, the government seeks to attempt to collect the judgment from those other properties before continuing to proceed with its lien enforcement claims against the Duluth Property.

Accordingly, on March 3, 2011, the government filed a motion to stay proceedings and for entry of judgment under Rule 54(b).  The request for stay was premised on the government filing a new case against Bibin as to the other properties. The government asked for a stay of this case until proceedings in the anticipated new case were completed.  On March 25, 2011, the government filed a new case against Bibin, case no. 11-11221 (E.D. Mich.).  It is anticipated that the new case will be reassigned to the undersigned as a companion to this case.

Meanwhile, on March 10, 2011, the Court entered an Order Staying Proceedings. Doc. 50.  The order provided that proceedings be stayed pending resolution of the new case.  The order also provided that the stay not effect the government's motion for judgment against Bibin, and directed that Bibin file a response to the motion for judgment.  Bibin filed a response.  The matter of entry of judgment is now ready for decision.

III.

Fed. R. Civ. P. 54(b) of the Federal Rules of Civil Procedure provides as follows:

(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and

3

all the parties' rights and liabilities.

This case clearly involves multiple claims and multiple parties, and there is no just

reason for delay.  The Sixth Circuit has identified the following factors that it considers

relevant in determining whether a Rule 54(b) certification has been properly made:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the
> possibility that the need for review might or might not be mooted by future
> developments in the district court; (3) the possibility that the reviewing court
> might be obliged to consider the same issue a second time; (4) the presence or
> absence of a claim or counterclaim which could result in set-off against the
> judgment sought to be made final; (5) miscellaneous factors such as delay,
> economic and solvency considerations, shortening the time of trial, frivolity of
> competing claims, expense, and the like.

Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 61 n.2 (6th Cir. 1986).

All of these factors favor entry of a Rule 54(b) judgment with regard to Bibin's tax

liabilities.  First, the "relationship between the adjudicated and unadjudicated claims" is

that the adjudicated claims involve Bibin's tax liabilities, while the unadjudicated claims

involve the enforcement of the government's tax liens against the Duluth Property. The

Court can easily separate the issues related to Bibin's tax liability from the enforcement

of tax liens against a parcel of real property, particularly where Bibin does not now claim

an interest in the Duluth Property.  Second, there is no "possibility that the need for

review might or might not be mooted by future developments in the district court"

because the judgment will be issued in the new case against three parcels of land.

Third, there is no "possibility that the reviewing court might be obliged to consider the

same issue a second time" because the government's lien enforcement claims will not

involve the merits of Bibin's liability for taxes.  Fourth, there is no "claim or counterclaim

which could result in set-off against the judgment sought to be made final" because

Bibin, the judgment debtor, has not asserted any claims in this case.  Importantly, entering a 54(b) judgment would allow the government to pursue its lien enforcement claims against the three other properties and may save the Rheeders from further litigation.  Fifth, the miscellaneous factors favor the entry of the Rule 54(b) judgment which include likely making it unnecessary to resolve the priority dispute in this case and may save the current record title holders of the property from the loss of their house.

Bibin's response fails to convince the Court otherwise.  While the Court is mindful of Bibin's efforts to pay the government, that is not a reason to delay entry of judgment.

IV.

For the reasons stated above, the government's motion for entry of judgment is GRANTED.  A judgment shall enter in favor of the government and against Bibin under Fed. R. Civ. P. 54(b)

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  May 4, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Leo H. Bibin, Jr., 605 E. Square Lake Road, Troy, MI 48085 on this date, May 4, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160

5