UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                          )<br>            Plaintiff,            )<br>                                                          )<br>    v.                                                )<br>                                                          )<br>LEO H. BIBIN, JR., CHRISTOPHER J. THIEL,<br>                                                          )<br>JOAN A. BIBIN, BANK OF AMERICA, N.A.,  )<br>FREDRICK L. RHEEDER, LU ANN      )<br>RHEEDER, and MORTGAGE 1,            )<br>INCORPORATED,                                  )<br>                                                          )<br>            Defendants.            ) | Civil No. 2:09-cv-13388 |

### **JUDGMENT AGAINST LEO H. BIBIN, JR., UNDER RULE 54(B)**

Upon the plaintiff United States' motion for a judgment pursuant to Fed. R. Civ. P. 54(b), IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.    Leo H. Bibin, Jr., is liable to the United States for assessments made under 26 U.S.C. § 6672 in regard to the wages of the employees of The New Tannery, Inc., for the tax periods, and in the amounts, set forth below, and for which the following balances remain due as of June 1, 2010:

| Quarter Ending | Assessment Date | Assessed Amount | Balance Due as of June 1, 2010 |
|---|---|---|---|
| 12/31/2001 | 5/17/2004 | $9,835.38 | $0.00 |
| 12/31/2002 | 5/17/2004 | $12,018.11 | $16,342.27 |
| 3/31/2003 | 5/17/2004 | $9,674.05 | $13,904.90 |

| Quarter Ending | Assessment Date | Assessed Amount | Balance Due as of June 1, 2010 |
|---|---|---|---|
| 6/30/2003 | 5/17/2004 | $9,536.21 | $13,706.81 |
| 9/30/2003 | 5/17/2004 | $3,274.11 | $4,560.81 |
| 12/31/2003 | 3/13/2006 | $8,082.02 | $10,107.30 |
| 9/30/2004 | 3/13/2006 | $7,019.65 | $9,106.79 |
| 12/31/2004 | 3/20/2006 | $4,187.06 | $5,424.68 |
| 3/31/2005 | 2/25/2008 | $3,311.94 | $3,691.05 |
| 9/30/2005 | 2/25/2008 | $1,106.53 | $1,233.19 |
| 12/31/2005 | 2/25/2008 | $1,933.08 | $2,154.35 |
| BALANCE DUE AS OF JUNE 1, 2010 | | | $80,232.15 |

2.      Based upon the debts described in paragraph 1, above, judgment shall enter in favor of the plaintiff United States of America and against the defendant Leo H. Bibin, Jr., in the amount of $80,232.15, plus statutory additions accruing after June 1, 2010, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

3.      This is a final judgment, pursuant to Rule 54(b), with respect to the money judgment set forth in paragraph 2, above.  This judgment is based upon a new case proposed by the United States to enforce the tax liens against three other parcels of property and which may make the remaining claims in this case moot.

4.      As required by Rule 54(b), the Court expressly determines that there is no just reason for delay.  In accordance with the five-factor test set forth in *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 61 n.2 (6th Cir. 1986), the basis for entry of a final

judgment at this time is as follows:

5.   First, the "relationship between the adjudicated and unadjudicated claims" is that the adjudicated claims involve defendant Leo H. Bibin's tax liabilities, while the unadjudicated claims involve the enforcement of the United States' tax liens against the property located at 39723 Duluth, Harrison Township, Michigan (the "39723 Duluth Property").  The Court can easily separate the issues related to Mr. Bibin's tax liability from the enforcement of tax liens against a parcel of real property, particularly where Mr. Bibin does not now claim an interest in the 39723 Duluth Property.

6.   Second, there is no "possibility that the need for review might or might not be mooted by future developments in the district court" because the judgment will be used in the new case against the three parcels of land.

7.   Third, there is no "possibility that the reviewing court might be obliged to consider the same issue a second time" because the United States' lien enforcement claims will not involve the merits of Mr. Bibin's liability for taxes.

8.   Fourth, there is no "claim or counterclaim which could result in set-off against the judgment sought to be made final" because defendant Leo H. Bibin, Jr., the judgment debtor, has not asserted any claims in this case.  In fact, entering a 54(b) judgment would allow the United States to pursue its lien enforcement claims against the three other properties and may spare the Rheeders from further litigation.  *See* Docket Ent. Nos. 43 and 47.

9.   Fifth, the miscellaneous factors favor the entry of the Rule 54(b) judgment. Entering judgment under 54(b) will shorten the time of trial by preventing the United States from having to relitigate its claims, and prevent the United States from incurring

expenses on a competing claim that may turn out to be unnecessary.

    SO ORDERED.


Dated: May 4, 2011             S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Leo H. Bibin, Jr., 605 E. Square Lake Road, Troy, MI 48085 on this date, May 4, 2011, by electronic and/or ordinary mail.

                                               S/Julie Owens
                                              Case Manager, (313) 234-5160